Jon A. Birmingham (Cal. Bar No. 271034)
jbirmi@fitcheven.com
David M. Kogan (Cal. Bar No. 231383)
dkogan@fitcheven.com
Fitch, Even, Tabin & Flannery LLP
21700 Oxnard Street, Suite 1740
Woodland Hills, California 91367
Telephone:  (818) 715-7025
Facsimile:   (818) 715-7033

Attorneys for Plaintiff,
BELAVA, LLC

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELAVA, LLC, a California Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> DION NAILS SUPPLY, INC. (d/b/a SKYLARK NAIL SUPPLY), a California Corporation, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Belava, LLC ("Belava") brings this suit for design patent infringement, federal trade dress infringement and federal and state unfair competition against Dion Nail Supply, Inc. d/b/a Skylark Nail Supply (hereinafter, "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331; and 28 U.S.C. § 1338(a).

2. This Court has personal jurisdiction over the Defendant because, among other things, the Defendant conducts and solicits business in this jurisdiction and, on information and belief, is a resident of this jurisdiction and has committed at least some of the conduct discussed herein in this district.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) as the Defendant resides in this district and a substantial part of the events giving rise the claims herein occurred in this district.

## THE PARTIES

4. Belava is a California Limited Liability Company with its principal place of business at 21500 Blythe Street, Canoga Park, CA 91304.

5. Upon information and belief, Defendant is a California corporation with a place of business at 13858 Brookhurst Street, Garden Grove, CA 92843.

6. Upon information and belief, Defendant does business as Skylark Nail Supply at 13858 Brookhurst Street, Garden Grove, CA 92843.

## FACTUAL ALLEGATIONS
### THE NATURE OF THIS ACTION

7. In 2004, Belava introduced its distinctive and innovative soaking basin and disposable liners for use during pedicures. Over the past 10 years, Belava has manufactured, marketed, and sold its soaking basin and disposable liners both in

combination and separately as an elegantly designed product line with a distinctive and unmistakable look that consumers have come to associate with the Belava name.

8. On April 19, 2005, United States Patent No. D504,178 S was duly and lawfully issued (hereinafter, "the '178 patent"). A copy of the '178 patent is attached as Exhibit 1 hereto. Belava's basins include the word "Patented."

9. Belava is the owner of all right, title, and interest in and to the '178 patent, as documented via an assignment recorded with the U.S. Patent and Trademark Office at reel/frame 034814/0977.

10. Belava's patented designs have been the subject of emulation by Defendant, who has attempted to capitalize of Belava's success by imitating Belava's distinctive product designs and patented designs.

11. Instead of pursuing independent product development, Defendant has chosen to copy Belava's distinctive product designs and patented designs in violation of Belava's valuable intellectual property rights.

12. Defendant has manufactured, offered for sale, sold, used, and/or imported the soaking basins and disposable liners that infringe the patented designs of the '178 patent.

13. Defendant was advised of its infringing activity in a cease and desist letter dated May 20, 2017, attached as Exhibit 2 hereto, to which Defendant did not reply.

14. By this action, Belava seeks to put a stop to Defendant's infringing conduct and obtain compensation for the infringement.

## FIRST CAUSE OF ACTION
### PATENT INFRINGEMENT (35 U.S.C. 271 et seq.)

15. Belava repeats and realleges paragraphs 1-14 of this Complaint as if fully set forth herein.

16. Defendant has infringed and/or continues to infringe Belava's '178 patent, including by contributory infringement, by using, selling and/or offering to sell, in the United States and/or importing into the United States, soaking basins and disposable liners

1 for the soaking basins, including those identified in this Complaint.

2     17.    Belava's '178 patent shows, for example, a soaking basin having a specific shape including side walls and a flange surrounding the opening of the soaking basin and including handles and a liner of a shape corresponding to the basin and including side walls, a flange surrounding the opening of the liner and including a corner lift tab. The disposable liner is configured to fit partially within the tub. Upon information and belief, the disposable liner has no substantial use other than with the basin, and is not a commodity or staple article of commerce suitable for substantial non-infringing use.

    18.    Defendant's soaking basins appear to be virtually identical to the soaking basin shown in Belava's '178 patent, including incorporating the above-identified features. This is apparent from a comparison of Defendant's soaking basin with Belava's '178 patent, including, but not limited to, the comparison made below:

|  |  |
|---|---|
| Belava '178 Patent – Fig. 3 | Defendant's Infringing Basin |

|  |  |
|---|---|
| Belava's '178 Patent – Fig. 4 | Defendant's Infringing Basin |

19.     Defendant's basins are a slavish and willful attempt to copy Belava's basins, as evident by Defendant's addition of a floral motif on its basins, similar to that on Belava's basins.

20.     Defendant's disposable liners are virtually identical to the liner shown in Belava's '178 patent, including incorporating the above-identified features.  This is apparent from a comparison of Defendant's disposable liner with Belava's '178 patent, including, but not limited to, the comparison made below:

|  |  |
|---|---|
| Belava '178 Patent – Fig. 12 | Defendant's Infringing Liner |


| Belava's '178 Patent – Fig. 13 | Defendant's Infringing Liner |

21. Defendant's infringing activities violate 35 U.S.C. § 271, including sections (a) and (c) thereof.

22. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, Defendant's accused products and Belava's patented designs are substantially the same, particularly given that they are virtually identical.

23. An ordinary observer would see the design of Defendant's accused products as making the same design impression, or as being the same design, as Belava's patented designs, particularly given that they are virtually identical.

24. Upon information and belief, Defendant has profited from its infringing activities.

25. As a result of Defendant's conduct, Belava has been substantially harmed, suffered actual damages, lost profits, and has been forced to retain legal counsel and pay attorneys' fees and costs associated with bringing this action to enforce its rights.

## PRAYER FOR RELIEF

WHEREFORE, Belava prays for relief against Defendant as follows:

1. A judgment that Defendant has infringed Belava's '178 patent, including willful infringement;

2. An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Belava's '178 patent including but not limited to making, using, selling, and/or marketing a pedicure soaking basin that infringes Belava's '178 patent and/or a disposable liner (for a pedicure soaking basin) that infringes Belava's '178 patent;

3. An order that Defendant shall destroy or deliver to Belava all advertising relating to and goods that infringe the '178 patent;

4. An order that Defendant shall identify any supplier of the goods that infringe the '178 patent and the location of any molds used to make such goods;

5. A judgment awarding Belava all damages adequate to compensate for Defendant's infringement of Belava's '178 patent, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

6. A judgment awarding Belava all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

7. Actual damages suffered by Belava as a result of each of Defendant's infringing conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. Costs of suit and reasonable attorneys' fees; and

9. Any other remedy to which Belava may be entitled.

Dated: July 20, 2017                                FITCH, EVEN, TABIN & FLANNERY LLP


                                                    By: /s/ Jon A. Birmingham
                                                        Jon A. Birmingham
                                                        Attorney for Plaintiff
                                                        BELAVA, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Belava hereby demands a jury trial on all issues raised by the Complaint.

Dated: July 20, 2017                                    FITCH, EVEN, TABIN & FLANNERY LLP

By: /s/ Jon A. Birmingham
    Jon A. Birmingham
    Attorney for Plaintiff
    BELAVA, LLC